PER CURIAM.
This is an appeal from an order of the Circuit Court of Bradford County, PATTEN, J., quashing a writ of habeas corpus issued on the petition of the appellant, Ted Rinehart, a person convicted of crime, and remanding him to the custody of the respondent (appellee), the Director of the Division of Corrections of the State of Florida. Finding no error, the order is affirmed.
We take note of the fact that a letter addressed by the respondent-appellee to the Attorney General, who by virtue of his office acted as counsel for the respondent in the proceeding below and on this appeal, was filed in this court subsequent to the filing of the record on appeal, from which it appears that the appellee now treats appellant as being in process of serving a sentence imposed ttpon him by the Criminal Court of Record in and for Palm Beach County, Florida, with tentative release date set for October 28, 1964. This is in conformity with the record on appeal, which contains a copy of a commitment issued by said court reflecting that appellant was committed to the custody of the Division of Corrections of the State of Florida on January 23, 1959, to serve consecutive sentences for crime totaling seven years, under which appellant is presently detained.
The record shows that the return made by the respondent to the writ of habeas corpus issued herein is substantially at variance with the mentioned letter filed in this court with respect to the amount of time remaining to be served by appellant. We refer to this variance only to indicate that the ap-pellee has revised his records in this behalf to appellant’s advantage.
We hasten to add that our discussion of the mentioned letter has no bearing upon the primary issue of this appeal and our decision of affirmance. We advert to it only in order that the appellant may be advised of what appears to be the present attitude of the appellee with respect to the tentative terminal date of the imprisonment. But it must be remembered that in all cases the actual terminal date of a sentence for crime is necessarily predicated on the sentence imposed and the time served thereunder, less any credits or forbearances to which the prisoner may become entitled as a matter of law, such as duly earned gain time or by parole or pardon. The ministerial records of the custodian, other than official court or executive documents, or those reflecting gain time earned, have no aspect of finality upon the question of the right of the custodian to retain a person in custodia legis.
While appellate court decisions in habeas corpus proceedings testing the right of the custodian to detain a prisoner convicted of crime often spell out the factors relating to the detention, such as the sentence imposed and gain time earned, and go on to recite the result according to dates as applicable to the prisoner involved, the clear purpose of such discussion is to present the background for the ultimate conclusion reached on the question of whether the prisoner should or should not be remanded to custody rather than to establish academically a date for his discharge. Ha-beas corpus does not lie to serve the latter purpose, the answer to which rests on equations ascertainable by the simple mathematics of the sentence imposed by the court and those that flow from any lawful factor reducing the term of imprisonment *245 so imposed. We pretermit any discussion of whether by other procedures such a question may be resolved.
Affirmed.
WIGGINTON, Acting C. J., and STUR-GIS and RAWLS, JJ., concur.