HOBSON, Acting Chief Judge.
Appellant Charles D. Walker was charged by separate informations with aggravated assault (Case No. 2439), grand larceny (Case No. 2743), receiving stolen property (Case No. 2016), delivery of cocaine (Case No. 2364), and breaking and entering an automobile (Case No. 3003). Appellant entered guilty pleas to the grand larceny and aggravated assault charges. At the sentencing hearing, the prosecutor announced that the state would nol pros the remaining three cases (Nos. 2016, 2364 and 3003). The court adjudged appellant guilty of aggravated assault and grand larceny and sentenced him to three years in prison on the assault charge and seven years probation on the grand larceny charge, the sentences to run concurrently.
Subsequently, appellant requested that his prison sentence on the assault charge be modified to one year in the county jail in consideration of his entering guilty pleas to the three charges which had been nol-prossed. The court placed appellant on probation on the three nol-prossed charges for a period of seven years on each charge, the sentences to run concurrently. The sentence on the assault charge was modified to seven years probation with the specified residency of one year in the county jail, that sentence to run concurrently with the probationary term imposed in the other cases.
Two years later, appellant was found guilty of violating probation in each case and the court revoked probation and sentenced him to five years in prison on each of the five charges.[1] Appellant filed a motion with this court asking that we temporarily relinquish jurisdiction, alleging that the modification of sentence in the assault case was a nullity since it was done during a different term of court and more than 60 days after the original sentence. This court granted appellant’s motion and the circuit court set aside the five-year sentence on the aggravated assault case and reinstated the original three-year sentence.
Appellant argues that after the state announced that it would nol-pros the three charges, the trial court lacked subject matter jurisdiction to impose probation on these charges, and later to revoke probation on the same charges. We are asked to restore appellant to the position he occupied prior to the modification of the assault sentence. The ultimate result would be that 1) the original judgment and sentence of three years in Case No. 2439 (aggravated assault) would be reinstated; 2) that the judgment and sentence of five years in Case No. 2743 (grand larceny) would be left undisturbed; and 3) the judgments and sentences in the three remaining cases (Nos. 2016, 2364 and 3003) would be vacated and set aside. Appellant’s argument has merit.
The record reveals the following remarks by the prosecuting attorney, made after the acceptance of appellant’s guilty pleas to aggravated assault and grand larceny:
MR. HOOKER: Judge, three other cases, Case No. 74-2364 the State would nol pros this case. Case No. 74-3003, the State would nol pros that case. Case No. 74-2016, the State would nol pros that case. *1233 As we noted in State v. Braden, 375 So.2d 49, 50 (Fla. 2d DCA 1979), the general rule is that “everything which occurs in a proceeding subsequent to the filing of a nolle prosse by the state is a nullity.” Following this rule, we hold that the imposition of probation on the .three nol-prossed charges were a nullity. Therefore, the trial court was without jurisdiction to revoke probation and impose a five-year sentence in Case No. 2016, receiving stolen property; Case No. 2364, delivery of cocaine, and Case No. 3003, breaking and entering of an automobile. In view of the above, we reverse the judgments and sentences in those cases. We affirm the judgment and three-year sentence in Case No. 2439, aggravated assault. We likewise affirm the judgment and five-year sentence in Case No. 2743; however, it is necessary to remand this case to the trial court in order that it may determine whether the sentence is to run consecutive or concurrent to Case No. 2439.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
OTT and RYDER, JJ., concur.

. The sentences were imposed as follows:
No. 2016, receiving stolen property, 5 years.
No. 2364, delivery of cocaine, 5 years to run consecutive to No. 2016.
No. 2439, aggravated assault, 5 years to run consecutive to Nos. 2016 and 2364.
No. 2743, grand larceny, 5 years to run concurrent to No. 2016 (The judge orally imposed the sentence to run consecutive to No. 2016, but the final written order stated that the sentence would run concurrent to No. 2016.)
No. 3003, breaking and entering of an automobile, 5 years to run consecutive to No. 2743 and concurrent to No. 2364.