ON PETITION FOR WRIT OF HABEAS CORPUS FOR BELATED APPEAL
BOOTH, Chief Judge.
Robert Black has filed a petition for writ of habeas corpus, seeking belated appeal of a circuit court order which denied his petition for a writ of mandamus to review the determination of his presumptive parole release date (PPRD). For the reasons set forth below, we deny the petition.
Our initial reason for denying the petition is that it does not allege that the relief requested will entitle the petitioner to release or a new trial. Only in such circumstances will a writ of habeas corpus be granted. Cash v. Smith, 465 So.2d 1294 (Fla. 1st DCA 1985). Even if such an allegation were made, however, we find that the present petition must be denied. The right to a belated appeal arises from the accused’s sixth amendment right to counsel, made applicable to the states through the due process clause of the fourteenth amendment. State v. Meyer, 430 So.2d 440 (Fla.1983); Baggett v. Wainwright, 229 So.2d 239 (Fla.1969). The setting of a PPRD under the Florida statutory scheme does not involve an interest in liberty that implicates federal constitutional rights. Hunter v. Florida Parole & Probation Commission, 674 F.2d 847 (11th Cir.1982); Staton v. Wainwright, 665 F.2d 686 (5th Cir.), cert. denied, 456 U.S. 909, 102 S.Ct. 1757, 72 L.Ed.2d 166 (1982). Accordingly, we conclude that the remedy of habeas corpus to secure a belated appeal cannot be utilized to obtain review of a circuit court order relating to the calculation or establishment of a PPRD.
ERVIN and THOMPSON, JJ., concur.