WENTWORTH, Judge.
Appellant seeks review of his departure sentence upon conviction of three counts of armed robbery, in violation of section 812.-13, Florida Statutes.
Appellant raises two issues on appeal: 1) whether emotional trauma of the victim was a clear and convincing reason for departure, and 2) whether the lower court impermissibly stacked mandatory minimum sentences for possession of a firearm where two of the three counts of armed robbery arose out of a single criminal episode. We reverse on both grounds.
Appellant was charged with one count of armed robbery for an August 27, 1984 bank robbery, and two counts of armed robbery for an October 6, 1983 bank robbery. Appellant pleaded no contest to the three counts. The court adjudicated appellant guilty on all counts and imposed concurrent 15 year sentences on each count of armed robbery, and a three year mandatory minimum sentence for possession of a firearm on each count to run consecutively. The recommended guidelines sentence was four and one half to five and one half years incarceration. In a written order, the court stated as grounds for departure:
1. Emotional trauma suffered by the victim who has made known fear and emotional distress resulting from and as a consequence of the criminal acts of the defendant ...
2. The defendant was adjudicated guilty of and sentenced for commission of three separate offenses, each of which carries a three year minimum mandatory sentence. Imposition of the minimum mandatory sentence is required departure from the sentencing guidelines.
3. Any other reasons articulated by the court at the sentencing hearing.
In order to constitute a valid reason for departure, the psychological trauma of a victim must be unusually greater than the trauma necessarily contained in the elements of the criminal charge. Tompkins v. State, 483 So.2d 115 (Fla.2d DCA 1986). Facts supporting emotional trauma must be credible and proven beyond a reasonable doubt. Hankey v. State, 485 So.2d 827 (Fla.1986). No evidence was submitted below to indicate the psychological trauma of the victim.
As to appellant’s second issue, two of the three counts of armed robbery arose out of a single October 6, 1983 bank robbery involving two bank tellers at the same bank at the same time. The imposition of consecutive mandatory minimum sentences arising out of a single criminal episode is prohibited. McGouirk v. State, 493 So.2d 1016 (Fla.1986); Palmer v. State, 438 So.2d 1 (Fla.1983). Because the robbery of the two bank tellers on October 6, 1983 did not involve separate incidents occurring at different times and places, the consecutive minimum mandatory sentences for the two counts was improper.
Accordingly, the case is remanded for resentencing.
BOOTH, C.J., and MILLS, J., concur.