498 So.2d 679 (1986)
Alton D. BROWN, Appellant,
v.
Louie L. WAINWRIGHT, Appellee.
No. BK-192.
District Court of Appeal of Florida, First District.
December 15, 1986.
Alton D. Brown, pro se.
Louis A. Vargas, General Counsel, Dept. of Corrections; Jim Smith, Atty. Gen.; Henri C. Cawthon, Asst. Atty. Gen.; and J. Craig Myrick, Asst. Atty. Gen., for appellee.
SHIVERS, Judge.
Appellant Brown first began serving a four-year sentence in July of 1975. In 1976 he escaped while on the work release program, was captured 29 days later after committing a robbery, and was given a twenty-year sentence to run consecutively with the four-year sentence. In 1977 he received an additional five-year sentence for possession of a weapon, also to run consecutively, for a total sentence of twenty-nine years. In November of 1985 Brown filed a petition for writ of habeas corpus with the circuit court, alleging that he had not been given the proper amount of gain-time while serving his original four-year sentence, that disciplinary reports received during the four-year sentence should not have resulted in the loss of gain-time during his twenty-year sentence, and that the respondent had "conspired to confuse him" by giving him different release dates in response to his several requests for calculation of his release date. Brown now appeals the trial court's denial of his petition for writ of habeas corpus for failure to state grounds upon which relief could be granted.
We affirm the trial court's ruling. First, the petition for writ of habeas corpus contains only conclusory allegations relating to the computation of petitioner's gain-time and release date, but contains no argument whatsoever in support of these allegations. Second, since the petition fails to allege that the relief requested would entitle the petitioner to either an immediate release or a new trial, the writ may not be granted. Jenrette v. Wainwright, 410 So.2d 575 (Fla. 3d DCA 1982); Black v. State, 490 So.2d 1287 (Fla. 1st DCA 1986). Third, even assuming the petition had been facially sufficient, this court has held that the remedy of habeas corpus is not available to academically establish a release *680 date, Rinehart v. Cochran, 137 So.2d 243 (Fla. 1st DCA 1962), or to obtain review of the circuit court order relating to either the calculation or the establishment of a release date. Black v. State, supra.
Accordingly, the trial court's order denying appellant's petition for writ of habeas corpus is AFFIRMED.
MILLS and JOANOS, JJ., concur.