PER CURIAM.
James Kalway appeals the denial of his motion for correction of sentence. We affirm.
Appellant, citing Palmer v. State, 438 So.2d 1 (Fla.1983), asserts that the trial court imposed an illegal sentence of two consecutive life imprisonment sentences. Appellant contends that he was convicted of two counts which arose from a single criminal transaction and that the sentences should have been concurrent.
The trial judge’s order points out that appellant was convicted of two counts of first degree murder. In State v. Enmund, 476 So.2d 165 (Fla.1985), the supreme court held that Palmer does not control a situation involving separate and distinct homicides and that the trial court has the discretion to impose either consecutive or concurrent sentences.
Accordingly, we affirm.
SCHOONOVER, A.C.J., and FRANK and SANDERLIN, JJ., concur.