PER CURIAM.
Walter Lee Knight, pro se, appeals his consecutive mandatory sentences in a Motion for Post-Conviction Relief pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part, reverse in part and remand for resentencing.
We agree with appellant’s argument that the trial judge erred by finding that appellant may not attack his mandatory minimum sentences via a Rule 3.850 motion when this issue could have been raised on direct appeal. See Bass v. State, 12 F.L.W. 289 (Fla. June 12, 1987). For a series of attempted murders and aggravated assaults with a firearm, appellant was sentenced to a total of 55 years, including 21 years of mandatory mínimums, which were comprised of seven consecutive three year mandatory minimum terms. The stacking of mandatory minimum sentences for offenses arising from a single episode is illegal and constitutes reversible error. See Palmer v. State, 438 So.2d 1 (Fla.1983), approved by State v. Suarez, 485 So.2d 1283 (Fla.1986). (In Suarez, the supreme court held that because the effect of consecutive mandatory minimum sentences can markedly restrict the accrual of gain time, Palmer is operative under the guidelines sentences as well as pre-guidelines sentences where parole was involved.) Therefore, such a sentence is subject to collateral attack by a post conviction motion.
The state concedes in its Response to Defendant’s Motion for Post Conviction Relief that appellant’s three year mandatory minimum sentences for convictions of aggravated assault with a firearm, counts X and XI, should be concurrent with count IX, for all three convictions arose from a single episode. The state also agrees the mandatory minimum sentence for the aggravated assault with a firearm in count XIII should be served concurrently with the sentence for count XII for the same reason. Such a collapsing of sentences would subtract nine years from appellant’s mandatory minimum incarceration. The fundamental nature of the trial court’s sentencing error causes appellant to be incarcerated for a greater length of time than the law permits. 500 So.2d at 638. Because appellant’s motion seeks to correct or vacate a sentence which exceeds the limits provided by law, the motion may be *1256 filed at any time. Fla.R.Crim.P. 3.850; Bass, supra.
Also, we find the state’s argument convincing that appellant was involved overall in at least four distinct criminal episodes here, as supported by the supreme court’s holding in State v. Thomas, 487 So.2d 1043 (Fla.1986). Appellant assaulted several different individuals, both inside the pharmacy building and outside, assaults which constituted separate offenses occurring at separate times and places. Here, as in Thomas, it seems logical that the legislature did not intend that appellant be punished less severely for continuing his aggravated attacks with a firearm outside of the pharmacy where he first shot Officer Fusilier. 487 So.2d at 1044. Therefore, we agree with the state that the sentences for the distinct aggravated assaults on Officer Barkley, count IX, and Sheriff Woodham, count XII, each carrying three year minimum mandatory sentences, should remain intact. See Thorne v. State, 496 So.2d 891 (Fla. 2d DCA 1986). Accordingly, we affirm the appealed sentences as to counts I, IV, IX, and XII. And, consistent with this court’s holding in Richardson v. State, 500 So.2d 637 (Fla. 1st DCA 1986), we reverse and remand this case to the trial court to correct the sentences to reflect that the mandatory minimum sentences for counts X and XI be served concurrently with the sentence given for count IX, and that the sentence for count XIII be served concurrently with count XII.
Affirmed in part, reversed in part, and remanded.
JOANOS, WIGGINTON and ZEHMER, JJ., concur.