515 So.2d 408 (1987)
Herbert George GARDNER, Appellant,
v.
STATE of Florida, Appellee.
No. BS-245.
District Court of Appeal of Florida, First District.
November 17, 1987.
*409 Herbert George Gardner, in pro. per.
Robert Butterworth, Atty. Gen., and Elizabeth Masters, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Gardner appeals from the summary denial of his motion to correct an illegal sentence pursuant to Rule 3.800(a), Fla.R. Crim.P. We reverse and remand for resentencing.
On 9 July 1979 Special Agents Kirkland and Farnell met with Gardner to discuss purchasing some weapons from him; another meeting was set for the next day. On 10 July, Kirkland and Farnell met with Special Agent Goff and local Sheriff Leonard; Kirkland and Farnell went to the meeting site in one car, Goff and Leonard rode together as backup. Gardner was waiting at the meeting site in a converted school bus.
Kirkland and Farnell entered the bus and began negotiations with Gardner. When Farnell temporarily exited the bus for the purpose of test firing a gun, Goff and Leonard mistook his action as a sign of trouble and came running out of their hiding place to give assistance. When Gardner saw them coming, he turned and shot Kirkland. As Kirkland was falling, Goff ran into the bus. Gardner fired at Goff, hitting him four times. Goff returned fire at Gardner, who was by that time being restrained by Farnell; the bullet passed through Farnell then lodged in Gardner's back. Gardner was then arrested by Sheriff Leonard.
As a result of this episode, Gardner was tried on four counts of attempted second-degree murder. The jury returned a verdict of guilty of three counts of aggravated assault with a firearm, a lesser included offense. Gardner's sentence included three consecutive three-year mandatory minimum terms, pursuant to Section 775.087(2), Florida Statutes (1979) (any person convicted of aggravated assault and who had in his possession a firearm shall be sentenced to a minimum term of imprisonment of three calendar years). On 3 December 1986, Gardner filed the instant motion alleging that, based on Palmer v. *410 State, 438 So.2d 1 (Fla. 1983), his sentence should be amended so that the three mandatory minimum terms would run concurrently.
In its response to Gardner's motion, the state pointed out that Palmer had held only that consecutive mandatory minimum sentences could not be imposed for offenses arising from a single criminal episode. However, in the later case of State v. Thomas, 487 So.2d 1043 (Fla. 1986), the court ruled that, where there are two separate and distinct offenses committed against two separate and distinct victims, the Palmer holding did not apply. Here, argued the state, Gardner had committed three separate and distinct offenses on three separate and distinct victims and Thomas should control to permit consecutive sentences. The trial judge denied Gardner's motion citing Thomas.
First of all, we reject the state's argument, in reliance on Bass v. State, 478 So.2d 461 (Fla. 1st DCA 1985), that Gardner cannot raise the instant issue in a collateral proceeding. This court receded from Bass in Dowdell v. State, 500 So.2d 594 (Fla. 1st DCA 1986) to hold that "the impermissible stacking of mandatory minimum sentences renders a sentence illegal and this fundamental error is subject to collateral attack." Dowdell at 595.
Turning to the merits of the case, the Florida Supreme Court has consistently held that consecutive mandatory minimum sentences are not proper when the offenses charged arise from a single continuous criminal episode. Palmer v. State, 438 So.2d 1, 4 (Fla. 1983) (robbery of 13 victims at the same place with one gun); State v. Ames, 467 So.2d 994, 996 (Fla. 1985) (defendant broke into house, robbed victim in one room, raped her in another); Murray v. State, 491 So.2d 1120 (Fla. 1986) (when sexual battery offenses occur at the same time and place, the mandatory minimum is properly served concurrently); McGouirk v. State, 493 So.2d 1016 (Fla. 1986) (defendant placed bomb under trailer, subsequent convictions did not arise from "separate incidents occurring at separate times and places").
The court has found consecutive mandatory minimum sentences proper in certain "continuous episode" cases, however. In State v. Enmund, 476 So.2d 165 (Fla. 1985), the court approved consecutive sentences for two separate and distinct homicides committed in the course of one criminal episode (a robbery). However, the holding was specifically based on a finding that "the legislature intended that the minimum mandatory time to be served before becoming eligible for parole from a conviction of first-degree murder may be imposed either consecutively or concurrently, in the trial court's discretion, for each and every homicide." Enmund at 168 (emphasis supplied).
In Murray, supra, the defendant committed multiple sexual batteries on the same victim during one criminal episode (robbery). While noting that the entire event could be labeled a "single criminal episode", the court approved consecutive sentences for the robbery and the sexual batteries because the latter occurred in one place and constituted one invasion of the victim, while the robberies occurred in another place and represented a separate and additional violation of the victim's rights.
Finally, in State v. Thomas, 487 So.2d 1043 (Fla. 1986), the defendant shot the victim inside her home. When she fled outside into the yard, her son came up to help her and the defendant shot at him. He then returned to shooting the original victim. The court approved consecutive sentences in that the defendant committed "two separate and distinct offenses" against "two separate and distinct victims".
This court has similarly held that if the events comprising the offenses arose out of one continuous criminal episode, the mandatory minimums must be served concurrently to one another. Aikens v. State, 488 So.2d 543 (Fla. 1st DCA) rev. den. 496 So.2d 143 (Fla. 1986) (assault and robbery of four people in the same place at the same time); Klein v. State, 498 So.2d 625 (Fla. 1st DCA 1986) (robbery of two tellers at the same bank at the same time); Dowdell v. State, 500 So.2d 594 (Fla. 1st DCA 1986) *411 (two distinct crimes committed against a victim in one place cannot be the basis for consecutive sentences); Boatwright v. State, 512 So.2d 955 (Fla. 1st DCA 1987) on rehearing 12 F.L.W. 2212, (Fla. 1st DCA September 11, 1987) (error to impose consecutive sentences when the criminal acts occur in one continuous course of conduct).
However, when, as in Thomas, a defendant committed assaults on several different victims both inside and outside a building, the court approved consecutive sentences based on the existence of "separate offenses occurring at separate times and places." Knight v. State, 509 So.2d 1254 (Fla. 1st DCA 1987) (emphasis supplied).
An overview of these authorities indicates that consecutive mandatory minimum sentences can properly be imposed for offenses committed in the course of a seemingly "continuous criminal episode" in three situations: 1) when two separate and distinct homicides are committed in the course of one criminal episode, Enmund, supra; Kalway v. State, 504 So.2d 792 (Fla. 2d DCA 1987); 2) when different offenses are committed on the same victim, when one offense occurs in one place and constitutes one invasion of the victim, and the other occurs in another place and represents a separate and additional violation of the victim's rights, Murray, supra; and 3) when the defendant commits "two separate and distinct offenses" against "two separate and distinct victims", Thomas, supra; Knight, supra.
While on its face Thomas appears to control the instant case in that Gardner did commit assaults on three separate agents, a careful reading of the Thomas holding shows that the second assault for which a consecutive sentence was approved occurred in a separate location and was separated in time from the initial assault on the victim. See also Murray, supra (consecutive sentences approved when one offense occurred in one place and constituted one invasion of the victim, and the other occurred in another place and represented a separate and additional violation of the victim's rights); McGouirk, supra (minimum mandatory sentences must be imposed concurrently when the convictions did not arise from separate incidents occurring at separate times and places); Knight, supra (defendant committed assaults on different victims both inside and outside a building, consecutive sentences approved based on the existence of "separate offenses occurring at separate times and places").
In the instant case Gardner, standing in the same location (his bus) and in a matter of six or seven seconds, shot and wounded the three agents who were physically charging at him in an attempt to effect his arrest. While he may have committed "separate offenses" by virtue of having shot three separate victims, those offenses did not occur at "separate times and places", Knight, so as to remove them from the well-established rule that consecutive sentences are not allowed for offenses arising from a "single continuous criminal episode".
The denial of Gardner's motion to correct his sentence is therefore reversed and the case remanded for resentencing in accordance with this opinion.
SMITH, C.J., and SHIVERS, J., concur.