602 So.2d 586 (1992)
Kenneth Leroy COFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. 91-3075.
District Court of Appeal of Florida, First District.
May 28, 1992.
On Motion for Rehearing August 7, 1992.
Appellant pro se.
Robert A. Butterworth, Atty. Gen., and Sara D. Baggett, Asst. Atty. Gen., Tallahassee, for appellee.
*587 PER CURIAM.
Kenneth Leroy Cofield has appealed from an order denying as untimely his motion to correct illegal sentence pursuant to Rule 3.800(a), Florida Rules of Criminal Procedure. We reverse, and remand for further consideration of the motion.
Cofield was convicted of first-degree murder and armed robbery and, in April 1983, was sentenced to consecutive terms of life with a 25-year minimum mandatory term, and life with a 3-year minimum mandatory term. The trial court retained jurisdiction over one-half of the total of the sentences. Cofield appealed, raising the propriety of retaining jurisdiction over a life sentence, but this court dismissed the appeal based on a failure to object to the retention, Cofield v. State, 453 So.2d 409 (Fla. 1st DCA 1984), overruled State v. Mobley, 481 So.2d 481 (Fla. 1986).
The instant motion pursuant to Rule 3.800(a) was filed on June 20, 1991. Cofield alleged therein that his sentence was illegal based on: 1) the impropriety of retaining jurisdiction over a life sentence, and 2) the imposition of consecutive mandatory minimum terms based on crimes arising from a single transaction. The trial court denied the motion as untimely. Cofield argues that, by the terms of Rule 3.800(a), motions pursuant thereto may be filed at any time. The state responds that the issues raised in Cofield's motion are properly raised only in motions pursuant to Rule 3.850. Therefore, Cofield's motion was properly held subject to the two-year time limit stated in Rule 3.850.
A court may at any time correct an illegal sentence imposed by it. Rule 3.800(a), Fla.R.Crim.P. There is no statutory authority for retention of jurisdiction over a life sentence, State v. Mobley, 481 So.2d 481 (Fla. 1986), and the issue is properly raised in a motion pursuant to Rule 3.800(a). Anderson v. State, 584 So.2d 1127 (Fla. 4th DCA 1991). Further, the impermissible stacking of mandatory minimum sentences renders a sentence illegal, which fundamental error is subject to collateral attack via Rule 3.800(a). Gardner v. State, 515 So.2d 408 (Fla. 1st DCA 1987). The trial court erred in denying the instant motion as untimely filed, and we reverse and remand for further proceedings thereon.
JOANOS, C.J., and BOOTH and SHIVERS, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
Appellee seeks rehearing of the opinion of this court dated May 28, 1992, in which we reversed the order of the trial court denying as untimely appellant Cofield's motion to correct illegal sentence pursuant to Rule 3.800(a), Florida Rules of Criminal Procedure. We deny the motion, but pursuant to Rule 9.030(a)(2)(A)(v), Florida Rules of Appellate Procedure, certify the following question as of great public importance:
Does the impermissible "stacking" of mandatory minimum sentences render a sentence "illegal" within the meaning of Rule 3.800(a), Florida Rules of Criminal Procedure, so that an issue as to the propriety of such "stacking" is properly raised at any time in a motion pursuant to that rule? See e.g., Gardner v. State, 515 So.2d 408 (Fla. 1st DCA 1987).
The motion for rehearing is denied.
JOANOS, C.J., and BOOTH and SHIVERS, JJ., concur.