PER CURIAM.
Appellant, Zayneller Gates, appeals the denial of his motion to correct an illegal sentence, brought under the provisions of Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for further consideration.
In 1983, appellant was convicted of aggravated battery with a firearm and aggravated assault with a firearm. He was sentenced to a fifteen-year term with a three-year mandatory minimum for the aggravated battery, and to a five-year term with a three-year mandatory minimum for the aggravated assault, the mandatory three-year sentences to be served consecutively. Appellant contends the imposition of consecutive mandatory minimum sentences is illegal, because both charges arose out of the same criminal episode. The order denying the motion was predicated on the trial court’s review of the record, which indicated that appellant was convicted of two separate offenses involving two separate victims. In light of the separate offenses committed against separate victims, the trial court found the ruling in State v. Thomas, 487 So.2d 1043 (Fla.1986), to be dispositive of the issue. We cannot agree.
In Thomas, the offender committed “two . separate and distinct offenses involving two separate and distinct victims,” i.e., attempted first-degree murder with a firearm of one victim, and aggravated assault with a firearm of the other. 487 So.2d at 1044. The first victim was shot inside her home. She fled outside, and as her son came to her aid, the defendant shot at him. On those facts, the supreme court concluded the legislature intended that trial courts should have discretion to order the mandatory minimum sentences applicable when a firearm is used in the commission of the charged offenses, to be served either concurrently or consecutively. The key to the Thomas opinion is the break in time, albeit minimal, and the change of location, -with respect to the offenses committed against the separate victims. See Gardner v. State, 515 So.2d 408 (Fla. 1st DCA 1987).
In this case, appellant alleged the first shot he fired at the intended victim missed its mark, struck a door panel, ricocheted, and hit the unintended victim. Appellant fired two more shots which actually struck the intended victim. The trial court’s order does not dispute appellant’s account of the facts. Assuming appellant’s account is accurate, the Thomas holding is not dispositive, because the offenses committed against the two separate victims in this case occurred in a single continuous sequence of time and location.
If the circumstances of the offenses are as alleged, the imposition of consecutive mandatory minimum sentences is improper. See Daniels v. State, 595 So.2d 952 (Fla.1992); Palmer v. State, 438 So.2d 1 (Fla.1983); Cofield v. State, 602 So.2d 586 (Fla. 1st DCA 1992); Knight v. State, 509 So.2d 1254 (Fla. 1st DCA 1987); Ward v. State, 630 So.2d 217 (Fla. 3d DCA 1993); Pena v. State, 619 So.2d *1160 435 (Fla. 2d DCA 1993); Lewis v. State, 502 So.2d 489 (Fla. 2d DCA 1987).
Accordingly, the order denying appellant’s rule 3.800(a) motion to correct illegal sentence is reversed, and the cause is remanded for further consideration in light of the views expressed in this opinion.
ZEHMER, C.J., and JOANOS and BARFIELD, JJ., concur.