SHIVERS, Senior Judge.
Timothy Permenter has appealed from an order of the trial court denying his motion to correct an illegal sentence, pursuant to Fla. R.Crim.P. 3.800(a). We affirm.
On February 12, 1991, Permenter pled guilty to attempted murder, kidnapping, shooting into an occupied dwelling, and armed burglary. He received a total sentence of 20 years incarceration (including two consecutive 3-year minimum mandatory terms for use of a firearm), followed by 15 years probation. One year later, Permenter appealed to this court, which appeal was dismissed in June 1992 as untimely filed.
Permenter filed the instant motion in August 1992, alleging that, because all of the charged offenses arose from a “single criminal transaction or episode,” the minimum mandatory terms could only run concurrently, citing Palmer v. State, 438 So .2d 1 (Fla. 1983). The 'trial court denied the motion, finding that, because Permenter committed two separate and distinct offenses against two separate and distinct victims, consecutive minimum mandatory terms were properly imposed, citing Gardner v. ■ State, 515 So.2d 408 (Fla. 1st DCA 1987).
Consecutive minimum mandatory sentences are proper in cases involving a “single criminal transaction or episode,” where the defendant commits “two separate and distinct offenses against two separate *1017 and distinct victims.” Gardner, 515 So.2d at 410, citing State v. Thomas, 487 So.2d 1043 (Fla.1986). The Gardner court elaborated that the crime for which a consecutive minimum mandatory term is imposed must be separated in time and place from the other erime(s) committed during the episode. Gardner, 515 So.2d at 411.
In this case, Permenter’s motion alleged only that his crimes occurred during a “single criminal transaction or episode.” The motion does not allege or show that he did not commit, during that transaction, “two separate and distinct offenses against two separate and distinct victims,” under which circumstance consecutive minimum mandatory terms would be proper. We therefore find that the motion was correctly denied, and affirm.
ERVIN and WEBSTER, JJ., concur.