STONE, Judge.
We reverse an order modifying probation entered several months after the trial court had announced unconditionally that Appellant’s probation was terminated, subject only to receipt of a proposed written restitution order to be prepared by the state. The amount of restitution was not in dispute.
The state failed to submit the written order out of concern for victim objections to the court’s decision. However, the question of obtaining victim consent to the termination of probation was not raised prior to the court’s decision to terminate. The record is clear that the court’s only concern in ordering termination was the precise wording of the restitution order which the assistant state attorney agreed to prepare and submit incidental to the termination to which the attorney also agreed.
Once a final decision has been announced unequivocally, the court lacks jurisdiction to retract it by entering a subsequent written order that is not in compliance with the orally announced final order. See, e.g., Harrington v. State, 570 So.2d 1140 (Fla. 4th DCA 1990); Rowland v. State, 548 So.2d 812 (Fla. 1st DCA 1989). See also Drumwright v. State, 572 So.2d 1029, 1031 (Fla. 5th DCA 1991); Flowers v. State, 351 So.2d 387 (Fla. 1st DCA 1977). Therefore, we reverse and remand for the entry of such order(s) as will effectuate the trial court’s prior decision to terminate Appellant’s probation.
GLICKSTEIN and FARMER, JJ., concur.