HARRIS, Judge.
Iven B. Jones entered into a negotiated plea involving violations of community control on two separate offenses — aggravated battery and grand theft auto. He was sentenced to four years and six months in the Department of Corrections on the aggravated battery charge and to nineteen months (the maximum under the guidelines) on the grand theft auto. He appeals his conviction for violation of community control on the aggravated battery case. He contends that this community control had expired before the affidavit of violation was filed. We agree and reverse.
Athough this case is somewhat complicated because of the number of crimes committed and sentences of community control imposed, the bottom line is that on March 30, 1995, the court sentenced Jones on a previous violation of the aggravated battery community control to “a new term of community control for one year. You have credit for time served of a hundred days.” Deducting this 100 days from the one year term of community control, this sentence would end in December, 1995. The affidavit of violation was not filed until March, 1996. Mr. Jones *452 has done a lot of things but violating the conditions of this particular sentence of community control is not one of them. See State v. Hall, 641 So.2d 403 (Fla.1994).
Since this was a negotiated sentence involving two separate offenses, we would normally remand for new sentencing giving the trial judge the option to reconsider the sentence imposed on the other case in light of the reversal. However, since the court imposed the maximum sentence on the remaining charge, a new sentencing does not seem necessary.
REVERSED.
PETERSON, C.J., and THOMPSON, J„ concur.