PER CURIAM.
Defendant appeals from a revocation of probation. For the reasons that follow, we affirm in part; reverse in part; and remand for further proceedings.
In 1995, defendant pled guilty to resisting arrest with violence and was placed on probation for eighteen months. The State filed a nolle prosse on a count of battery on a police officer. In September, 1996 an affidavit of probation violation was filed alleging 4 violations: failing to perform community service; failing to report to his probation officer; failing to pay costs of supervision and court costs; and testing positive for cocaine. Defendant admitted failing to report and failing to pay; he denied failing to perform community service. He admitted to testing positive for marijuana but not cocaine. The court entered a revocation of probation and imposed a two-year sentence for battery on a law enforcement officer and resisting arrest with violence, with credit for time served on probation. However, the court’s written order of revocation of probation does not give defendant any credit for time served on probation, and finds that defendant committed each of the probation violations charged.
We affirm the revocation of probation because defendant admitted several violations of his conditions of probation. However, the State properly concedes that the sentence must be reversed because the trial court erred in failing to enter a written order that conformed to its oral pronouncements at the sentencing hearing. See Whitehead v. State, 654 So.2d 658 (Fla. 3d DCA 1995) (holding that court’s written sentence must conform to oral pronouncement); Nodal v. State, 650 So.2d 696 (Fla. 3d DCA 1995) (same). Upon remand, the trial court shall enter a written sentence that conforms with its oral pronouncement that defendant is to receive credit for time previously served on probation. The written order shall further reflect that the court orally noted that the defendant admitted that he had tested positive for marijuana, not cocaine.
' The State also properly concedes that the trial court erred in sentencing defendant for battery on a law enforcement officer. The court was without jurisdiction to impose a penalty on a charge that the State had previously nolle prossed. See Walker v. State, 382 So.2d 1231 (Fla. 2d DCA 1980) (following revocation of probation, trial court is without jurisdiction to revoke probation and impose sentence on charge that State had nolle prossed). On remand, the trial court shall vacate both the adjudication of guilt on that offense and the order placing defendant on probation for that offense.
Affirmed in part; reversed in part; remanded with directions.