722 So.2d 211 (1998)
Jack James JETT, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2697.
District Court of Appeal of Florida, First District.
October 5, 1998.
*212 Appellant, pro se.
Robert A. Butterworth, Attorney General, and Trisha E. Meggs, Assistant Attorney General, Tallahassee, for Appellee.

ON MOTION FOR REHEARING
PER CURIAM.
Jack James Jett appeals from the summary denial of a motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, alternatively styled as a petition for writ of habeas corpus. We affirm in part and reverse in part.
Jett was sentenced to concurrent terms of fifteen years incarceration on counts I and II in circuit court case no. 91-774 and case no. 91-681, following a finding that he had violated a condition of probation. One of the provisions of his probation was that it would terminate upon his payment of restitution. On October 1, 1993, he tested positive for cocaine. On October 4, 1993, he paid off his restitution. He was tested again in December, 1993, and again failed the test, whereupon a warrant was obtained for violation of probation.
Jett contends that count II had been dismissed pursuant to his original plea agreement, and that because he had completed serving his original sentence and probation for count I, he is now being held illegally. We find that the trial judge correctly determined that relief pursuant to rule 3.850 was time-barred, and that he recognized the sentence for count II was unlawful because that count had been dismissed. However, we disagree with his holding that Jett was not entitled to relief through habeas corpus because he was lawfully confined on count I.
No steps were taken to prosecute Jett for violation of probation until after his probation had terminated on October 4, 1993. It was then too late. State v. Hall, 641 So.2d 403 (Fla.1994). Consequently, Jett has been twice punished for the same offense. Being placed twice in jeopardy for the same offense is a fundamental constitutional flaw cognizable under Florida Rule of Criminal Procedure 3.800(a). Hopping v. State, 708 So.2d 263 (Fla.1998). The allegations of the pleading before the trial court were sufficient to state a basis for relief under rule 3.800(a). The error is apparent on the face of the record and requires no evidentiary hearing. Utilization of rule 3.800(a) is proper in this circumstance. See DeSantis v. State, 400 So.2d 525 (Fla. 5th DCA 1981).
We review the case as properly pled under rule 3.800(a), and REVERSE the decision of the trial court. Fla. R.App. P. 9.140(h). The case is REMANDED to the trial court with directions to vacate both of the sentences imposed in case no. 91-774 and the sentence imposed in case no. 91-681.
BARFIELD, C.J., and DAVIS, J., concur.
BENTON, J., concurs in the result with opinion.
BENTON, J., concurring in the result.
I share the majority's view that both sentences before us in Case No. 91-774 should be vacated. One sentence was imposed on Count I in Case No. 91-774 after service of the sentence originally pronounced on Count I had already been completed. The other sentence was imposed on Count II in Case No. 91-774 in the absence of plea, trial, and adjudication of guilt. The trial court lacked jurisdiction to impose either of these sentences. Both are illegal and both constitute fundamental error. Each sentence "patently fails to comport with statutory or constitutional limitations." State v. Mancino, 714 So.2d 429 (Fla.1998).
When the sentences Jack James Jett challenges were pronounced on April 26, 1994, he took no appeal. His offenses, convictions, sentencing, and resentencing all antedate enactment of section 924.051(5), Florida Statutes (Supp.1996). Cf. Singletary v. Van Meter, 708 So.2d 266 (Fla.1998). The Criminal Appeal Reform Act of 1996, chapter 96-248, *213 section 1, at 953, Laws of Florida, as amended, does not, therefore, apply on the appeal Mr. Jett now brings from denial of his motion for collateral relief. See Larson v. State, 700 So.2d 388 (Fla. 1st DCA 1997). See also Sanders v. State, 698 So.2d 377, 378 (Fla. 1st DCA 1997) ("But section 924.051 does not preclude an appellate challenge to an unpreserved sentencing error that constitutes fundamental error.").
Citing Florida Rule of Criminal Procedure 3.850, Mr. Jett filed in circuit court a motion for post conviction relief styled alternatively as a petition for writ of habeas corpus. He alleged that the court which revoked his probation and ordered him back to prison in Cases Nos. 91-681 and 91-774 lacked jurisdiction to do so because his probation had terminated earlier. Resentenced in the wake of the putative revocation, he also alleged that one count on which he was sentenced had in fact been dismissed at the time of his original plea and sentencing, in keeping with a plea agreement approved by the trial court at that time.
More than two years and thirty days elapsed after the resentencing before he filed the motion, denial of which we now review. The trial court ruled that appellant's motion was untimely under Florida Rule of Criminal Procedure 3.850(b). See Gust v. State, 535 So.2d 642 (Fla. 1st DCA 1988). Treating the motion as a petition for writ of habeas corpus, the trial court decided that Mr. Jett had failed to plead adequately that he was currently being held illegally in prison. The motion is properly considered, however, as if filed under Florida Rule of Criminal Procedure 3.800, which authorizes correction of illegal sentences "at any time."
The court's work has been greatly facilitated by the able assistant attorney general's lucid exposition of the facts of record:
1. On April 25, 1991, the State charged appellant with dealing in stolen property in Bay County Circuit Court Case Number 91-0681, (R.3), and in Bay County Circuit Court Case Number 91-0774, the State also charged appellant with two counts of dealing in stolen property. (R.19). Pursuant to a plea agreement in Case Number 91-0774, appellant pled no contest to one count of dealing in stolen property and he agreed to make full restitution. (R.20). The State agreed to dismiss Count II. (R.20). Appellant also entered a nolo contendere plea to dealing in stolen property in Case 91-681.(R.5). On September 19, 1991, the trial court, in both cases, sentenced appellant to concurrent ten-years prison sentences followed by five years of probation. (R.5-10;23-26). The trial court stated that "[t]he ten year sentences will be followed by five years of probation for the sole purpose of making restitution, and if you pay off all of these debts in advance, then your probation will terminate. It will end early." (R.98).
Appellant was released early from prison. On October 1, 1993, appellant tested positive for cocaine which violated a condition of his probation. (R.95). It appears that appellant paid the balance of the restitution on October 4, 1993. (R.90,92). On October 6, 1993, appellant's probation officer sent a notice to the clerk of the court informing the clerk's office of the positive drug test. (R.96). However, the officer did not file a violation report. Appellant tested positive for cocaine a second time on December 1, 1993. (R.64). Appellant's probation officer filed an amended affidavit of violation of probation on January 7, 1994. (R.95). On April 28, 1994, the trial court revoked appellant's probation. (R.12-17, 28-36). The trial court sentenced appellant to prison for a term of fifteen years for the offense in Case 91-681. (R.12-17). The trial court imposed concurrent fifteen-year prison sentences for both Counts I and II of Case Number 91-774, and these sentences ran concurrently to appellant's sentence in Case Number 91-681. (R.28-36).
2. On January 31, 1997, appellant filed a motion for postconviction relief or alternatively a petition for writ of habeas corpus. (R.37-88). Appellant claimed that the trial court did not have jurisdiction to sentence him because his probation had terminated in that the trial court had stated that his probation would terminate upon payment of restitution. (R.43). Appellant also claimed that the trial court could not *214 sentence him for Count II of Case Number 91-774 because that count had been dismissed. (R.43).
3. The circuit court treated appellant's Rule 3.850 motion as a petition for writ of habeas corpus and held that:
3. First, the Defendant alleges that the court lacked jurisdiction to sentence him for violating probation because his probation was to be terminated upon payment of restitution. However, the court record indicates that the Defendant violated probation on October 1, 1993, by failing a drug screening test, and subsequently paid the restitution amount he owed on October 4, 1993. (See attached affidavit and payment ledger). Thus, the Defendant was in violation status when he made restitution. Because the Defendant violated probation before he made restitution, the court retained jurisdiction to resentence the Defendant in case numbers 91-0774 and 91-0681. Furthermore, the Defendant did not petition the court to terminate his probation after he made restitution and also failed to raise the issue as a defense when he was resentenced for violating probation.
4. The second ground alleges that count II in case number 91-0774, was dismissed pursuant to a plea agreement at the time of original sentencing. Although the Judgment and Sentence of April, 26, 1994, indicates the defendant was resentenced on count I and count II, an earlier dismissal of count II would not entitle the Defendant to habeas corpus relief. A habeas corpus petition which fails to allege that the relief requested would entitle the petitioner to immediate relief should not be granted. Brown v. Wainwright, 498 So.2d 679 (Fla. 1st DCA 1986). The 1994, sentence reflects that the Defendant was sentenced to both counts for fifteen (15) years to run concurrently. Therefore, even if count II had been dismissed the Defendant would not be entitled to immediate release based on his petition for Writ of Habeas Corpus because he was properly sentenced in count I, to fifteen (15) years in prison. Thus, the instant motion does not set out a prima facie case for habeas corpus relief.
On the facts found by the trial court and conceded by the State, appellant's motion should have been granted.
Both arguments Mr. Jett advances in support of his assertion that his sentences are illegal amount to claims that the sentencing court was without jurisdiction to impose sentence. His motion "is limited to those sentencing issues that can be resolved as a matter of law without an evidentiary determination." Hopping v. State, 708 So.2d 263, 265 (Fla.1998) (quoting State v. Callaway, 658 So.2d 983, 988 (Fla.1995)). "[A]n objection based on the ground of absence of jurisdiction over the subject matter must be considered and may be effectively raised at any time." 20 Am.Jur.2d Courts § 63 (1995). Whatever its length, a sentence imposed by a court without jurisdiction "exceeds the maximum allowed by law." Davis v. State, 661 So.2d 1193, 1196 (Fla.1995).

I.
The motion attacks the sentence pronounced on Count I upon the purported revocation of a probationary term Mr. Jett contends had already expired. If a probationary term ends before revocation proceedings have begun, the trial court loses jurisdiction to revoke probation. It has long been the rule that
upon expiration of the probationary period the court is divested of all jurisdiction over the person of the probationer unless in the meantime the processes of the court have been set in motion for revocation or modification of the probation pursuant to Section 948.06, F.S.

Carroll v. Cochran, 140 So.2d 300, 301 (Fla.1962) (alteration in original) (quoting State ex rel. Ard v. Shelby, 97 So.2d 631, 632 (Fla. 1st DCA 1957)). See also Rodriguez v. State, 511 So.2d 444 (Fla. 2d DCA 1987); Brooker v. State, 207 So.2d 478 (Fla. 3d DCA 1968). The State recognizes that this rule has been consistently applied to preclude consideration of new violations charged in an amended affidavit filed after the period of probation has expired. See, *215 e.g., McPherson v. State, 530 So.2d 1095 (Fla. 1st DCA 1988); Robinson v. State, 474 So.2d 1274 (Fla. 3d DCA 1985); White v. State, 410 So.2d 588 (Fla. 2d DCA 1982); Clark v. State, 402 So.2d 43 (Fla. 4th DCA 1981). However, it asks us to create an exception that would allow consideration of untimely filed charges contained in an amended affidavit of probation violation when the newly charged violations occur at or near the end of the probationary term. We decline to do so.
State v. Hall, 641 So.2d 403, 404 (Fla.1994). See Boyd v. State, 699 So.2d 295 (Fla. 1st DCA 1997); Izquierdo v. State, 693 So.2d 1156 (Fla. 3d DCA 1997); Jones v. State, 688 So.2d 451 (Fla. 5th DCA 1997); Delaughter v. State, 664 So.2d 1156 (Fla. 2d DCA 1995); Davis v. State, 623 So.2d 579 (Fla. 3d DCA 1993); Aguiar v. State, 593 So.2d 1225 (Fla. 3d DCA 1992).
In originally pronouncing sentence in Case No. 91-774 (among others) on September 19, 1991, the Honorable N. Russell Bower imposed concurrent prison terms to be followed by probation "for the sole purpose of making restitution." One of these concurrent sentences was imposed in Case No. 91-681. Judge Bower specified that probation was to terminate, once restitution had been accomplished:
The ten year sentences will be followed by five years of probation for the sole purpose of making restitution, and if you pay off all of these debts in advance, then your probation will terminate. It will end early.
That the written sentence did not reflect this term or condition is immaterial. A "written sentence is merely a record of the actual sentence pronounced in open court." Kelly v. State, 414 So.2d 1117, 1118 (Fla. 4th DCA 1982). The oral pronouncement controls. See State v. Williams, 712 So.2d 762 (Fla. 1998); Justice v. State, 674 So.2d 123, 125 (Fla.1996).
Once a final decision has been announced unequivocally, the court lacks jurisdiction to retract it by entering a subsequent written order that is not in compliance with the orally announced final order. See, e.g., Harrington v. State, 570 So.2d 1140 (Fla. 4th DCA 1990); Rowland v. State, 548 So.2d 812 (Fla. 1st DCA 1989). See also Drumwright v. State, 572 So.2d 1029, 1031 (Fla. 5th DCA 1991); Flowers v. State, 351 So.2d 387 (Fla. 1st DCA 1977).
Marcinek v. State, 662 So.2d 771, 772 (Fla. 4th DCA 1995). "Florida Rule of Criminal Procedure 3.700 ... defines `sentence' as a `pronouncement by the court of the penalty imposed on a defendant for the offense of which the defendant has been adjudged guilty.'" Scantling v. State, 711 So.2d 524, 526 n.1 (Fla. May 21, 1998). The trial court's pronouncement did not condition the termination of probation on entry of an order or on any other procedural step, once restitution was made. See Smitherman v. State, 639 So.2d 569, 570 (Ala.Crim.App.1993) ("[P]robation does not end until the probationer has successfully fulfilled the conditions of his probation or....").
The trial court found in the order under review that Mr. Jett made full restitution on October 4, 1993. The trial court nevertheless denied relief on grounds that the results of a drug screening test that Mr. Jett had taken on October 1, 1993, revealed the presence of cocaine metabolites in his urine. As far as the record reveals, however, there was no effort to revoke appellant's probation for more than two months after probation terminated upon payment of restitution. Apparently in connection with an alleged violation of probation, an arrest warrant issued on December 9, 1993. The same document that indicates that appellant submitted to a drug screen on December 1, 1993, reflects that the laboratory that analyzed the sample received it on December 6, 1993, and reported the results of its analysis on December 28, 1993. The record does not reflect filing of an affidavit alleging a probation violation before Mr. Jett made restitution, and the State does not contend otherwise.
A trial court is without jurisdiction to revoke probation where the "affidavit of violation was filed after the expiration of the probationary term." Bostwick v. State, 703 So.2d 1160, 1161 (Fla. 2d DCA 1997). Since no "appropriate steps" were taken to revoke probation until after appellant had paid restitution in full, it is immaterial whether "the *216 Defendant was in [so-called] violation status when he made restitution." Our supreme court has rejected the "conclusion that failure to satisfactorily meet the conditions of probation tolls the probationary period." Francois v. State, 695 So.2d 695, 697 (Fla. 1997). Once a term of probation expires, "a court lacks jurisdiction to entertain an application for revocation of probation based upon a violation which occurred during the probationary period unless, during the term of probation, appropriate steps were taken to revoke or modify probation." Purvis v. Lindsey ex rel. State, 587 So.2d 638, 639 (Fla. 4th DCA 1991) (citing Clark v. State, 402 So.2d 43 (Fla. 4th DCA 1981)).

II.
The motion attacks the sentence pronounced on Count II on grounds the sentence was imposed for an offense of which Mr. Jett was never convicted. The record in Case No. 91-774 contains a written plea agreement calling for dismissal of Count II. Despite the State's agreement to dismiss Count II in exchange for the plea on which the conviction on Count I was based, appellant was sentenced (by a different judge) on April 26, 1994, on both Counts I and II. See Murguia v. State, 711 So.2d 185 (Fla. 3d DCA 1998) (reversing on grounds the "court was without jurisdiction to impose a penalty on a charge that the State had previously nolle prossed"); Walker v. State, 382 So.2d 1231 (Fla. 2d DCA 1980) (same).
The judgment of conviction entered on September 19, 1991, makes mention of Count I only. The contemporaneous written sentence also mentions Count I only. The record contains no transcript of any plea or trial on Count II. In its response to order to show cause, the State maintains:
If appellant had filed a proper and timely Rule 3.850 motion in Case 91-774, appellant would have been entitled to have the judgment and sentence corrected and his sentence for Count II vacated because the prosecutor had dismissed that count pursuant to the plea agreement. Nevertheless, appellant is not and would not be entitled to be released from custody because this scrivener's error [the sentence on Count II] had no effect on his sentence in [the sense] that the trial court imposed appellant's sentence for Count II concurrently to the identical sentence for Count I, which was a proper sentence.
But the failure to file timely under Florida Rule of Criminal Procedure 3.850 does not preclude relief from an illegal sentence because a "court can on its own decide the proper rule to use to correct the sentence." DeSantis v. State, 400 So.2d 525, 526 (Fla. 5th DCA 1981). See Young v. State, 619 So.2d 378 (Fla. 2d DCA 1993). A court does not have jurisdiction to impose sentence in the absence of an "offense of which the defendant has been adjudged guilty." Fla. R.Crim. P. 3.700. Such a sentence is illegal. "A court may at any time correct an illegal sentence imposed by it...." Fla. R.Crim. P. 3.800(a). See Cofield v. State, 602 So.2d 586 (Fla. 1st DCA 1992).