PER CURIAM.
Defendant appeals his conviction and sentence. We affirm the conviction, however we vacate the sentence and remand for resentencing. Defendant argues that the State’s questioning opened the door to his testimony as to the maximum penalty he was facing, and that the trial court erred in refusing to permit his testimony in this regard. The record clearly reflects that no testimony was elicited which created a misleading impression with the jury. See Bozeman v. State, 698 So.2d 629, 630-31 (Fla. 4th DCA 1997). Thus there was no error as to this issue. Upon the State’s confession of error and our independent review of the record, we agree, however, that the trial court erred in sentencing defendant to 50 years imprisonment. At his sentencing hearing, the court *109 sentenced defendant to a 30-year term of imprisonment, with a 15-year mandatory minimum sentence. The written sentencing order later rendered, however provided for a 50-year term of imprisonment, with the 15-year mandatory minimum sentence. A written sentencing order must conform to the trial court’s oral pronouncement of sentence. See Tannehill v. State, 712 So.2d 438 (Fla. 3d DCA 1998); Denson v. State, 711 So.2d 1225 (Fla. 2d DCA 1998); Murguia v. State, 711 So.2d 185 (Fla. 3d DCA 1998); Alvarez v. State, 698 So.2d 1377 (Fla. 3d DCA 1997); Ramos v. State, 682 So.2d 711 (Fla. 3d DCA 1996).
Accordingly, defendant’s conviction is affirmed, defendant’s sentence is vacated and the case remanded with directions to correct the written sentencing order to reflect a sentence of 30 years imprisonment with a 15-year mandatory minimum sentence.