751 So.2d 89 (1999)
Edward A. SLINGBAUM, Appellant,
v.
STATE of Florida, Appellee.
No. 99-03121.
District Court of Appeal of Florida, Second District.
December 29, 1999.
Rehearing Denied February 11, 2000.
PER CURIAM.
Edward A. Slingbaum appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We find merit only in Slingbaum's claim that the trial court was without jurisdiction to sentence him for violating his probation on certain third-degree felonies because the probationary period had expired before the appropriate steps were taken to revoke the probation. See State v. Hall, 641 So.2d 403 (Fla.1994).
Slingbaum alleges, and the State apparently conceded below,[1] that his probationary period had expired before the State took the necessary steps to revoke his probation. If this is in fact the case, then the trial court was without jurisdiction to sentence Slingbaum. See Hall, 641 So.2d at 404 (reaffirming rule that "upon the expiration of the probationary period the court is divested of all jurisdiction over the person of the probationer unless in the meantime the processes of the court have been set in motion for revocation or modification of the probation....") (quoting Carroll v. Cochran, 140 So.2d 300, 301 (Fla.1962)).
The First and Fourth Districts have held that such a claim is cognizable in a rule 3.800 proceeding. See Jett v. State, 722 So.2d 211 (Fla. 1st DCA 1998); Wilson v. State, 698 So.2d 1380 (Fla. 4th DCA 1997). Although we agree that such a claim states a basis for relief under rule 3.800(a), provided that the error is apparent from the face of the record and requires no evidentiary hearing, we cannot agree with the reasoning of the majority opinion in Jett that such an error constitutes a violation of double jeopardy. See Jett, 722 So.2d at 212. We adopt, instead, the reasoning of Judge Benton's concurrence in that case and hold that where it can be determined without an evidentiary *90 hearing that a sentence has been imposed by a court without jurisdiction, that sentence is illegal, whatever its length. See id. at 214 (Benton, J., concurring in result).
Therefore, we reverse the trial court's order as to this claim. On remand, the trial court shall determine whether the revocation process was set in motion prior to the expiration of Slingbaum's probationary period.[2] If such steps were not taken timely, the trial court shall vacate Slingbaum's sentences as to those convictions. If the trial court again denies Slingbaum's motion, it shall attach record documents which conclusively demonstrate that revocation proceedings were timely instituted. We affirm the trial court order as to Slingbaum's other claims.
Affirmed in part; reversed in part; and remanded.
BLUE, A.C.J., and STRINGER and DAVIS, JJ., Concur.
NOTES
[1] In its response filed below, the State conceded that "it would appear that the defendant is correct in that the ... sentence had already run." The State has chosen not to participate in the proceedings in this court.
[2] The revocation process is set in motion when an arrest warrant is issued. See State v. Boyd, 717 So.2d 524 (Fla.1998). At the time relevant to this case, a warrant was not considered "issued" until it had been signed by the judge and delivered to the executive officer for execution. See id. This has since been changed by the legislature so that a warrant is now "issued" when it is signed by the judge. See § 901.02(1), Fla. Stat. (1999). The change, however, is prospective only and has no effect on the resolution of this case. See McNeal v. State, 741 So.2d 1205 (Fla. 1st DCA 1999).