PER CURIAM.
We affirm appellant’s conviction for assaulting his mother. Appellant’s mother testified at trial that she attempted to wake her son one morning so that he could obtain a social security card and find employment. Appellant refused, shouted obscenities at her, knocked things off of the furniture, and slammed his bedroom door. When his mother persisted, appellant put his fist in his mother’s face and said, “Leave me alone you f-ing bitch. I’m going to punch you in the f — ing face.” He also threatened to throw her computer out the window. Feeling fear from her son’s words and deeds, his mother called the police and had him arrested.
The evidence satisfies the elements of section 784.011(1), Florida Statutes (2000). Even if the threats were conditioned on the mother leaving appellant alone, that fact would not preclude an assault as a matter of law. See Blanton v. State, 388 So.2d 1271, 1273 (Fla. 4th DCA 1980).
We reverse the order reinstating appellant’s probation, since the trial court had unequivocally terminated it three weeks before the assault. See Marcinek v. State, 662 So.2d 771, 772 (Fla. 4th DCA 1995). There was' no extrinsic fraud sufficient to set aside the final order of termination. See Driscoll v. State, 538 So.2d 1283, 1285-86 (Fla. 1st DCA 1989).
GUNTHER, WARNER and GROSS, JJ., concur.