POLSTON, J.,
dissenting.
Appellant M.L. seeks to reverse the trial court’s order granting an injunction for protection against repeat violence and the trial court’s order denying M.L.’s motion to vacate and dissolve the temporary and final judgment of injunction for protection against repeat violence. The majority erroneously rules that there is no competent substantial evidence that B.N.P. suffered repeat acts of violence. See Connor v. State, 803 So.2d 598, 607 (Fla.2001) (stating that the deference given to a trial court’s findings at the appellate level is based upon the trial court’s superior position to evaluate and weigh the evidence). Therefore, I respectfully dissent.
Repeat violence requires two incidents of violence or stalking. See § 784.046(l)(b), Fla. Stat. (2003). “Violence” is defined to mean “any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnaping, or false imprisonment, or any criminal offense resulting in physical injury or death, by a person against any other person.” § 784.046(l)(a), Fla. Stat.
Because the record indicates that M.L. physically touched B.N.P. at school in an offensive manner, threatened B.N.P. at school, and threatened B.N.P. through the internét, there is competent substantial evidence for the trial court to have found sufficient incidents of violence by battery and assault. Accordingly, the trial court’s rulings should be affirmed. See generally §§ 784.011(1), 784.03(l)(a)l„ Fla. Stat. *960 (2003); K.E.H. v. State, 802 So.2d 395 (Fla. 4th DCA 2001); Osrecovery, Inc. v. One Groupe Int’l, Inc., 2003 WL 23313, at *2 (S.D.N.Y. Jan.3, 2003).