PER CURIAM.
Appellant seeks review of his conviction and sentence for criminal mischief and the trial court’s order revoking his probation, contending that the court lacked jurisdiction to revoke his probation based on the allegations contained in an amended affidavit of violation of probation that was filed after his probation had terminated.
The state concedes that the amended affidavit of violation of probation was filed after appellant’s probation had expired, but correctly contends that the offense which was the basis for the revocation (trespass) was alleged not only in the amended affidavit of violation of probation, but also in a prior affidavit of violation of probation that was filed before appellant’s probation ended. Accordingly, the trial court did not lack jurisdiction to revoke appellant’s probation. See Clark v. State, 402 So.2d 43 (Fla. 4th DCA1981). See also Jess v. State, 384 So.2d 328 (Fla. 3d DCA1980).
We therefore affirm the judgment, sentence and order revoking probation. However, the written order revoking probation should be corrected to reflect that revocation was based on the January 13, 1992, affidavit of violation of probation, and on the offense of trespass, as the transcript of the revocation hearing indicates that the trial court’s sole reason for revoking probation was appellant’s commission of the trespass. We remand for that purpose.
GLICKSTEIN, C.J., and GUNTHER and POLEN, JJ., concur.