PER CURIAM.
Bobby Gonzalez (Gonzalez) appeals a 1996 order revoking his probation and giving him a straight incareerative sentence of 30 months. We affirm in part, and reverse in part.
Gonzalez argues for the first time to this court that his sentences are illegal in two respects: 1) as of February 1994, he had already served the five-year statutory maximum on probation or community control for his third degree felonies in case numbers 88-4717 and 89-5211, and therefore any probation or community control he served beyond that time was illegal; and 2) in case number 88-4717, his recent sentence of 30 months, together with time previously spent incarcerated, exceeded the five-year statutory maximum for his third degree felony by 10 days. The state concedes he is correct as to the second issue, and therefore we reverse and remand with directions that he be credited with 10 days in that case.
As to the first issue, however, the record does not conclusively show that Gonzalez served more than the five-year statutory maximum on probation or community control before his most recent term of probation was revoked, because it is unclear exactly what date some of the terms of probation or community control began and whether he ab *955 sconded during any of those periods on probation or community control. A hearing is required to make these factual determinations as to whether Gonzalez’ allegations are true, which would have divested the trial court of jurisdiction to revoke his probation. See Francois v. State, 695 So.2d 695 (Fla.1997). Because only sentencing errors apparent from the face of the record are cognizable on direct appeal, see, State v. Montague, 682 So.2d 1085 (Fla.1996), we must affirm. Our affirmance on this issue, however, is without prejudice to Gonzalez timely raising it by a motion which complies with Florida Rule of Criminal Procedure 3.850.
Affirmed in part, and reversed in part, and remanded for further proceedings.
MINER, ALLEN and MICKLE, JJ., concur.