733 So.2d 1096 (1999)
Kenneth PAULK, et al., Appellants,
v.
The STATE of Florida, Appellee.
No. 98-1262.
District Court of Appeal of Florida, Third District.
May 19, 1999.
Bennett H. Brummer, Public Defender, and John E. Morrison, Assistant Public Defender, for appellants.
Robert A. Butterworth, Attorney General, and Roberta G. Mandel, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
PER CURIAM.
In these consolidated cases, thirteen defendants appeal from judgments of conviction entered after probation revocation hearings.[1] For the reasons that follow, we reverse.
In all of these cases, the defendants had been placed on probation for one year, with a special condition that they enroll in and complete a 26-week course of domestic violence counseling sessions.[2] Within the one-year period, the State filed Affidavits *1097 of Violation of Probation alleging that each defendant failed to appear for intake at the probation program or failed to attend the mandated counseling sessions. Although each of the Affidavits of Violation of Probation was filed within the one-year probationary period, none of the ensuing arrest warrants was delivered to the sheriff or other officer for execution within that period. Each defendant moved to dismiss the Affidavit of Violation of Probation, alleging that the county court lacked subject matter jurisdiction, as the probationary period had expired prior to the warrants being delivered for execution. Each defendant entered a nolo contendere plea and reserved the right to appeal the denial of the motion to dismiss. The County Court's Domestic Violence Division, sitting en banc, conducted an en mass hearing to determine the jurisdictional question; denied the motions; and sentenced the defendants. The court certified six questions of great public importance; this court accepted jurisdiction.
Because we are bound by the rule of law pronounced by the Florida Supreme Court in State v. Boyd, 717 So.2d 524 (Fla.1998), we reverse and remand with directions to discharge the defendants for lack of subject matter jurisdiction. We rephrase the six questions certified by reducing them to the one dispositive issue in this case:
To comply with the supreme court decision in Boyd v. State[State v. Boyd], 717 So.2d 524 (Fla.1998), in order for the court to retain jurisdiction over the defendant to revoke probation, must the arrest warrant that ensues from the affidavit of violation of probation be delivered for execution before the probationary period expires, even when the affidavit of violation of probation itself is filed within the probationary period?
We answer that question in the affirmative. The language in Boyd is unequivocal. "[A]n arrest warrant is not issued for the purpose of setting in motion the probation revocation process until a judge has signed the warrant and the warrant has been delivered to the proper executive officer for execution." Boyd, 717 So.2d at 524 (emphasis added). Therefore, even though the Affidavits of Violation of Probation were filed within the probationary period, the "probation revocation process" as defined in Boyd was not set in motion within that period, and the county court did not have jurisdiction over these revocation proceedings.[3]See Francois v. State, 695 So.2d 695, 697 (Fla.1997) ("[W]hen a probationary period expires, the court is divested of jurisdiction over the probationer unless, prior to that time, the appropriate steps were taken to revoke or modify the probation.").
Furthermore, the mandate of Boyd and Francois cannot be avoided by construing the defendants' violations of probation as "absconding" that would toll the probationary period. See Francois, 695 So.2d at 697 (holding that the failure to satisfactorily meet the conditions of probation is not the legal equivalent of "absconding" and does not toll the probationary period).
Reversed and remanded for further consistent proceedings.
NOTES
[1] Some of the thirteen defendants had more than one case pending.
[2] The defendants were all charged with misdemeanor domestic violence offenses.
[3] We note that at the time the county court entered the order on appeal, it did not have the benefit of the mandate of Boyd.