775 So.2d 349 (2000)
Bobby SHROPSHIRE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-1873.
District Court of Appeal of Florida, Second District.
October 18, 2000.
PER CURIAM.
Bobby Shropshire appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, Shropshire raises one claim of ineffective assistance of trial counsel and three claims of scoresheet errors. We reverse only as to Shropshire's claims of scoresheet errors addressed in this opinion. We affirm in all other respects without discussion.
In this case, Shropshire was found guilty of aggravated battery, a felony. At the time of this offense, he was on probation for misdemeanor battery in case number 96-19719. As a result of his felony conviction in this case, he was found to have violated his probation in case number 96-19719. He was sentenced at a single sentencing hearing to time served in case number 96-19719 and to six years in prison in this case.
*350 Shropshire asserts that there are errors in his guidelines scoresheet. He contends that he should not have been assessed points in the "additional offense" section or in the "community sanction violation" section of his guidelines scoresheet for his misdemeanor battery conviction because the probationary term for that offense expired before revocation of probation and sentencing. These claims can be raised in a rule 3.850 motion. See Belt v. State, 748 So.2d 386 (Fla. 5th DCA 2000) (reversing summary denial of rule 3.850 claim that appellant's probation was improperly violated because he should have received 120 days credit for time served in jail, and if he had, his probation would have expired before he allegedly violated his probation).
The trial court denied relief, concluding that because the affidavit of violation of probation was filed before Shropshire's probation expired, Shropshire's misdemeanor offense was properly before the court for sentencing. The trial court therefore determined that the misdemeanor was properly scored as an additional offense and as a community sanction violation.
We must reverse. The mere filing of an affidavit of probation is insufficient to ensure retention of jurisdiction by the trial court over a defendant to revoke his probation. See Paulk v. State, 733 So.2d 1096 (Fla. 3d DCA 1999) (relying on State v. Boyd, 717 So.2d 524 (Fla.1998)). Instead, the arrest warrant that ensues from the affidavit of violation of probation must be delivered for execution before the probationary period expireseven when the affidavit of violation of probation itself is filed within the probationary period. See Paulk, 733 So.2d at 1097.
Here, we have no record attachments that show when the arrest warrant which ensued from Shropshire's violation of probation was delivered for execution. Therefore, we cannot tell whether the trial court had jurisdiction over Shropshire to find him in violation of his misdemeanor probation. We accordingly reverse and remand for the trial court to conduct further proceedings on this issue only.
Affirmed in part, reversed in part.
FULMER, A.C.J., and GREEN and DAVIS, JJ., Concur.