WHATLEY, Acting Chief Judge.
Eddie J. Laster appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his motion, Last-er alleged that his sentence was illegal and that his plea was involuntary due to ineffective assistance of counsel. We reverse.
Laster entered a plea to two new charges and to multiple violations of probation, including one robbery charge. In his postconviction motion, he alleged that originally he was sentenced to seven years in prison followed by probation for the robbery charge, but eighteen days later, the sentence was corrected to remove the *910 probation for the robbery charge. Laster attached a copy of sentencing documents to support his claim.
If Laster, indeed, did not receive any probation for the robbery charge, the trial court was without jurisdiction to sentence him for violation of probation on that charge. See Slingbaum v. State, 751 So.2d 89, 89 (Fla. 2d DCA 1999) (holding that a trial court i§ without jurisdiction to revoke probation once the probation has ended). When a trial court imposes a sentence without having jurisdiction, the sentence is illegal, regardless of the length, and may be challenged in a postconviction motion. Id. If Laster’s claim is true, his eight-year sentence for violation of probation on the robbery charge is illegal.
We reverse and remand for further proceedings. If the trial court again denies Laster’s claim, it must attach documents that conclusively refute it. Alternatively, if the trial court cannot conclusively refute the claim, the trial court must vacate the eight-year sentence for violation of probation on the robbery charge. Because this sentence appears to be the result of a negotiated plea, the State must be given the option of allowing the remainder of the sentences to stand, or Laster must be allowed to withdraw his plea. See Sidell v. State, 787 So.2d 139, 141 (Fla. 2d DCA 2001).
Reversed and remanded.
CASANUEVA and STRINGER, JJ., Concur.