904 So.2d 575 (2005)
Rodnye BAROULETTE, Petitioner,
v.
Charles McCRAY, Director, Miami-Dade County Corrections and Rehabilitation Department; The State of Florida, Respondents.
No. 05-1379.
District Court of Appeal of Florida, Third District.
June 14, 2005.
Bennett H. Brummer, Public Defender, and Thomas Regnier, Assistant Public Defender, for petitioner.
*576 Charles J. Crist, Jr., Attorney General, and Linda S. Katz, Assistant Attorney General, for respondents.
Before WELLS, SHEPHERD and CORTIÑAS, JJ.
SHEPHERD, J.
This matter comes to us upon petitioner Rodnye Baroulette's emergency petition for writ of habeas corpus. We have jurisdiction, Art. V, § 4(b)(3), Fla. Const. and Fla. R.App. 9.100, and grant the petition.
On June 7, 2004, Baroulette entered a plea of guilty to unlawful driving as a habitual offender, a third-degree felony. §§ 322.264(1)(d), 322.341(5), Fla. Stat. (2004). At the hearing held on that date, the court withheld adjudication, but sentenced Baroulette to one year of reporting probation and ordered him to attend the "Drive Legal" program. On May 19, 2005, an affidavit of violation of probation was filed against Baroulette. The affidavit alleged that he had not enrolled in the "Drive Legal" program, as required, and that he had two driver's licenses. The probation officer did not seek a warrant at that time.
Shortly thereafter, Baroulette changed his residence and reported the change to his probation officer. He was then given notice by mail from the court to appear for a violation hearing on May 31, 2005. However, that notice was mistakenly mailed to his former address. Somehow Baroulette found out about the court date and came to court, but appeared too late for this case to be heard. Baroulette's case was reset for June 9, 2005. Meanwhile, on June 7, 2005, Baroulette's probation ended.
When Baroulette appeared in court on June 9, defense counsel argued that the court lacked jurisdiction over Baroulette because the probationary period had expired. The trial court declined to dismiss the case for lack of jurisdiction, concluding that the setting of the case for a violation hearing on May 31 and mailing the notice to Baroulette, albeit to a former address, was sufficient to have "set in motion" the revocation proceedings so that the court retained jurisdiction. The judge also relied on the fact that he could have, but did not issue a warrant for Baroulette when he failed to appear on time on May 31. Baroulette was arraigned on the affidavit, taken into custody and bond set at $5,000.
Once a term of probation has expired, a court lacks jurisdiction to entertain an application for revocation of probation based upon a violation that occurred during the probation period unless, during the term of the probation, appropriate steps have been taken to revoke or modify probation. State v. Boyd, 717 So.2d 524 (Fla.1998). The mere filing of an affidavit of violation of probation is insufficient to ensure a trial court's jurisdiction over a defendant for the purpose of revoking probation after the probationary period has concluded. Shropshire v. State, 775 So.2d 349, 350 (Fla. 2d DCA 2000); Paulk v. State, 733 So.2d 1096, 1097 (Fla. 3d DCA 1999). Rather, an arrest warrant must ensue out of the violations alleged in the affidavit. State v. Boyd, 717 So.2d 524, 525 (Fla.1998)(execution of an arrest warrant by the appropriate judicial official and delivery to sheriff required to "set in motion" a revocation of probation). See also § 948.06(1)(d), Fla. Stat. (2004)("Upon filing of an affidavit alleging a violation of probation or community control and following issuance of a warrant under s. 901.02, the probationary period is tolled until the court enters a ruling on the violation.").
Here, the fact that an affidavit of probation violation was filed against Baroulette on May 19 is insufficient for the court to retain jurisdiction over him to *577 revoke probation. See Paulk v. State, supra; Shropshire v. State, supra; Stambaugh v. State, 891 So.2d 1136, 1139 (Fla. 4th DCA 2005)(mere filing of an affidavit of probation is insufficient to ensure trial court's jurisdiction over defendant to revoke his probation). Nor is the state's position aided by the fact that the trial court set and aborted a hearing on the affidavit. We find that the trial court lacks jurisdiction to hold Baroulette into custody and order his immediate release. Cesaire v. State, 811 So.2d 816, 817 (Fla. 4th DCA 2002)(an order entered without subject matter jurisdiction is void).
This opinion shall take effect immediately notwithstanding the filing of any motions for rehearing.
Writ granted. Immediate release ordered.