909 So.2d 568 (2005)
Ruben SEPULVEDA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-1276.
District Court of Appeal of Florida, Second District.
September 2, 2005.
*569 WALLACE, Judge.
Ruben Sepulveda appeals the summary denial of his motion under Florida Rule of Criminal Procedure 3.850. In his motion, Sepulveda alleged that he was illegally sentenced to a prison term as a result of ineffective assistance of counsel after pleading guilty to a violation of probation on a 1993 manslaughter/DUI conviction and prison sentence, from which he was released from prison to probation on February 24, 1999. Sepulveda contends that his term of probation had expired before the probation violation proceeding began and that the trial court lacked jurisdiction over the violation proceeding. Sepulveda also alleged in his postconviction motion that his trial counsel provided ineffective assistance by affirmatively misadvising Sepulveda about the amount of time that he would be required to serve on his sentence. Sepulveda claims that his trial counsel failed to notify him that upon recommitment after the revocation of his probation, which was part of a split sentence, his gain time was subject to forfeiture. We reverse and remand for further proceedings.

*570 Background

In his motion, Sepulveda alleged that the period of his probation expired on February 23, 2002, because his three-year probationary term on the manslaughter/DUI conviction was concurrent with a six-month probationary term on a conviction of driving while his license was suspended or revoked. A Department of Corrections (DOC) memorandum in the summary record states that Sepulveda's probation ended on August 23, 2002, the probationary terms being consecutive. The record does not include any sentencing documentssuch as the judgment or the sentencing minutesthat would indicate whether the probationary terms were consecutive or concurrent.
There are several affidavits of violation in the record. The first, dated June 19, 2000, charges Sepulveda with an arrest in Texas on April 29, 2000, resulting in a conviction for driving while intoxicated followed by Sepulveda's refusal to comply with a referral for treatment from the Texas court. A supplemental affidavit of violation, sworn to on February 8, 2001, alleges that Sepulveda's residence is unknown and that he has not complied with a directive to report to the probation office. A third amended affidavit, sworn to on February 26, 2002, repeats the earlier allegations, updates the allegation that Sepulveda has not reported to the probation office, and adds that on October 6, 2000, Sepulveda was again arrested in Texas and subsequently convicted of driving while intoxicated. A final amended affidavit of violation in the record, sworn to on October 18, 2002, updates the allegations concerning failure to report and adds that on September 26, 2002, Sepulveda was arrested in Polk County, Florida, for driving with a suspended Texas driver's license.
A violation report form, dated May 31, 2000, states that a warrant was requested in connection with the affidavit of violation filed June 19, 2000, but no such warrant is in the record. The only copy of a warrant was provided with Sepulveda's motion; attached to the motion is a copy of a warrant issued by the court on February 19, 2003.
The trial court revoked Sepulveda's probation and sentenced him on July 22, 2003. Sepulveda filed his rule 3.850 motion on September 29, 2004. Thus the motion was timely filed.

Analysis
Section 948.06(1), Florida Statutes (2003), provides for retention of jurisdiction of a term of probation that expires during the course of a probation revocation proceeding, stating that "[u]pon the filing of an affidavit alleging a violation of probation or community control and following issuance of a warrant under s. 901.02, the probationary period is tolled until the court enters a ruling on the violation." (Emphasis added.) Both the filing of an affidavit of violation and the issuance of an arrest warrant are required to toll the probationary period, and the mere filing of the affidavit is insufficient. Shropshire v. State, 775 So.2d 349, 350 (Fla. 2d DCA 2000); Baroulette v. McCray, 904 So.2d 575, 576 (Fla. 3d DCA 2005); Stambaugh v. State, 891 So.2d 1136, 1139 (Fla. 4th DCA 2005). Under section 901.02(1), the warrant is issued when the judge signs it. Morgan v. State, 757 So.2d 618, 619 n. 1 (Fla. 2d DCA 2000); Slingbaum v. State, 751 So.2d 89, 90 n. 2 (Fla. 2d DCA 1999).
With respect to the timeliness of allegations in the successive affidavits of violation filed in this case, allegations of an affidavit of violation are timely if the affidavit is filed before the expiration of the probation at issue or if the allegations in an affidavit filed after the expiration of the probationary period have also been alleged in an earlier affidavit timely filed before *571 the expiration of the probationary period. Davis v. State, 623 So.2d 579, 580 (Fla. 3d DCA 1993); Futch v. State, 605 So.2d 954, 955 (Fla. 4th DCA 1992); McPherson v. State, 530 So.2d 1095, 1098 (Fla. 1st DCA 1988); Clark v. State, 402 So.2d 43, 44-45 (Fla. 4th DCA 1981). However, a timely affidavit of violation cannot be amended after the expiration of the probationary period to add charges not contained in an earlier, timely affidavit. Ely v. State, 719 So.2d 11, 12 (Fla. 2d DCA 1998); Davis, 623 So.2d at 580; Clark, 402 So.2d at 44-45.
Sepulveda's allegations that he was convicted and sentenced based on a violation of probation when the term of his probation had expired state a facially sufficient claim of an illegal sentence under rule 3.800(a).[1]Slingbaum, 751 So.2d at 89. In addition, Sepulveda's allegations state two facially sufficient claims under rule 3.850:(1) the trial court's lack of jurisdiction to sentence him for a violation of probation, rule 3.850(a)(3), and (2) ineffective assistance of counsel for not moving to dismiss the charges and allowing Sepulveda to plead to charges for which there was no jurisdiction, Laster v. State, 805 So.2d 909 (Fla. 2d DCA 2001).
The viability of the allegations in the various affidavits of violation of probation is dependent on the existence of a warrant issued by the court before the expiration of Sepulveda's probation as well as whether any particular allegation at issue was made in an affidavit filed before the expiration of Sepulveda's probation. The only warrant in the record was issued by the trial court on February 19, 2003, after Sepulveda's probationary term had indisputably expired. This tends to support rather than refute Sepulveda's contentions. Consequently, the documents included in the record do not conclusively refute Sepulveda's claim, and we must reverse the trial court's order summarily denying Sepulveda's motion. On remand, the trial court must refer to Sepulveda's original judgment and sentence to determine the expiration date of his probationary term instead of relying on papers generated by the DOC.
We also conclude that the trial court erred in summarily denying Sepulveda's claim that trial counsel provided ineffective assistance by misadvising Sepulveda concerning the potential forfeiture of his gain time upon recommitment. Misrepresentations by counsel as to the length of a sentence or eligibility for gain time may serve as the basis for postconviction relief in the form of leave to withdraw a guilty plea. State v. Leroux, 689 So.2d 235 (Fla.1996). Under the provisions of rule 3.850, relief may be summarily denied where the record conclusively refutes this type of claim. However, a defendant's negative response to a trial court's question about whether anything was promised to the defendant to induce a plea does not conclusively refute a claim based upon counsel's erroneous advice about the actual amount of time the defendant may serve *572 on a sentence. Id. at 237. Here, Sepulveda's allegation of the misadvice of counsel is not conclusively refuted by the record. Therefore, if the trial court finds on remand that it had jurisdiction to revoke Sepulveda's probation, the trial court must either attach to its order record evidence conclusively refuting this separate claim of ineffective assistance of counsel or conduct an evidentiary hearing. If the trial court holds an evidentiary hearing and if Sepulveda prevails on his claim, the appropriate relief would be an order permitting Sepulveda to withdraw his admission to the charged violations of probation.
Accordingly, we reverse the order on appeal, and we remand this case to the trial court for further proceedings consistent with this opinion.
Reversed and remanded.
ALTENBERND and WHATLEY, JJ., Concur.
NOTES
[1] In this motion, Sepulveda states that he previously filed a motion under rule 3.800(a) contesting the jurisdiction of the court to find him guilty of a violation of probation and to sentence him when his probation had expired. Sepulveda states that the motion was denied without evidentiary hearing. Sepulveda does not state that he appealed that determination, and this court's records show no such appeal, thus rendering the prior determination enforceable not under "law of the case" but under principles of collateral estoppel. Nevertheless, we note that application of the doctrine of collateral estoppel under the circumstances as alleged in Sepulveda's motion would likely constitute "manifest injustice." See State v. McBride, 848 So.2d 287, 290-92 (Fla.2003). This issue should also be considered on remand.