PER CURIAM.
Linzell Feagin, Jr., appeals the posteon-viction court’s summary denial of his motion for postconviction relief, which was filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the denial of his second claim without comment. In his first claim, Feagin argues that the trial court lacked jurisdiction to revoke his probation in case number 00-04789 because it had expired. This claim is cognizable under rule 3.850. See Fla. R.Crim. P. 3.850(a)(3); Sepulveda v. State, 909 So.2d 568, 571 (Fla. 2d DCA 2005). Because the record attached to the postconviction court’s order fails to conclusively refute Feagin’s first claim, we reverse and remand for further proceedings.
Feagin was convicted of giving false identification to law enforcement, two counts of battery on a law enforcement officer, resisting an officer with violence, and escape. According to Feagin, the trial court sentenced him as a youthful offender to two years’ imprisonment followed by two years’ probation. Feagin explains that his prison term expired on September 1, 2002, and that his probationary term ended on September 1, 2004. Thus, Feag-in contends that the trial court lacked jurisdiction to revoke his probation at a January 28, 2005, revocation hearing. The postconviction court denied his claim as conclusively refuted by the record.
However, the record attached to the postconviction court’s order does not conclusively refute Feagin’s claim because it contains conflicting sentencing documents. One document supports Feagin’s assertion that on March 20, 2001, he was sentenced to two years in prison followed by two years’ probation. A second document reflects that Feagin received a two-year prison sentence followed by three years’ probation. If Feagin received three years’ probation rather than two years’ probation, then clearly Feagin’s claim fails. But this cannot be resolved without an eviden-tiary hearing.
The postconviction court reasoned that even if Feagin received two years’ probation, his claim is conclusively refuted because a violation of probation (VOP) affidavit was filed and an arrest warrant was issued prior to September 1, 2004. Again, the record attached to the order does not support this finding.
The postconviction court attached the following records: a Polk County Sheriffs Office booking sheet for an arrest on November 3, 2002, for a new law violation; a November 3, 2003, warrant for different new law violations; a booking sheet for an *625 arrest on December 15, 2003; an amended VOP affidavit that was filed on February 12, 2004; a March 11, 2004, order modifying his probation to include a ten-day weekend release program .(which resulted from his admission to the February 12, 2004, amended VOP affidavit); an unidentifiable document filed on April 19, 2004, requesting the arrest of Feagin for failing to appear for the weekend work release program; another booking sheet for an arrest on May 15, 2004; an August 18, 2004, warrant for more new law violations; a booking sheet for an arrest on September 13, 2004; a September 14, 2004, surety bond receipt; an October 27, 2004, warrant for more new law violations; a booking sheet for an arrest on November 1, 2004; a second amended VOP affidavit alleging new law violations filed on January 19, 2005; and February 11, 2005, sentencing documents for case 00-04789, which followed his revocation of probation.
Although these documents demonstrate that Feagin was periodically arrested and accused of violating his probation, they do not conclusively refute Feagin’s claim that the trial court lacked jurisdiction to revoke his probation on January 28, 2005, because the record does not reflect how the trial court disposed of his earlier VOP violations. If the trial court simply found a violation, but continued his terms of probation, then a two-year probationary term would have ended on September 1, 2004, as Feagin alleges. We note that the trial court’s March 11, 2004, order modifying Feagin’s probation to include a work-release program suggests that the court continued the terms of his probation each time Feagin violated it.
The record on appeal suggests that the arrest warrant and the VOP affidavit leading to the January 28, 2005, revocation hearing were filed on August 18, 2004, and January 19, 2005, respectively. In Se-pulveda, we recognized that “[b]oth the filing of an affidavit of violation and the issuance of an arrest warrant are required to toll the probationary period, and the mere filing of the affidavit is insufficient.” 909 So.2d at 570; see also Jean-Gilles v. State, 921 So.2d 860, 862 (Fla. 4th DCA 2006) (finding that filing a warrant, but not a VOP affidavit, was also insufficient to toll the probationary period). Thus, if Feag-in’s probationary term was only two years, then his probationary term expired on September 1, 2004, despite the August 17, 2004, warrant, because tolling requires both a warrant and a VOP affidavit.
Given the ambiguous record attachments to the postconviction court’s order, we must reverse. On remand, the post-conviction court should either attach other portions of the record conclusively refuting Feagin’s claim or conduct an evidentiary hearing.
Affirmed in part; reversed in part; and remanded.
CASANUEVA, SALCINES, and KELLY, JJ., Concur.