MORRIS, Judge.
Robert Ortiz appeals the revocation of his community control in six circuit court cases. Ortiz argues that because his original probationary term in case 99-551 had expired in August 2006, the trial court lacked jurisdiction to revoke his original probation in 2007 and place him on community control. This claim is not supported by the record because the record does not indicate when Ortiz began serving his probation or when his probation expired; thus, this issue requires an eviden-tiary hearing. See Gonzalez v. State, 705 So.2d 954, 955 (Fla. 1st DCA 1998). Therefore, we affirm without prejudice to any right Ortiz may have to raise this claim in a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. See id. Feagin v. State, 938 So.2d 623, 624 (Fla. 2d DCA 2006) (holding that such a claim is cognizable under rule 3.850); Sepulveda v. State, 909 So.2d 568, 571 (Fla. 2d DCA 2005) (same).
We also note, on a related matter, that Ortiz’s original written sentence in case 99-551 indicates that he was sentenced to 48 months in prison followed by 72 months’ probation for the offense of burglary of an unoccupied structure, which is a third-degree felony. See § 810.02(4)(a), Fla. Stat. (1999). But a document labeled “circuit court sentence” indicates that Ortiz was sentenced on the burglary to serve 48 months in prison followed by only 12 *233 months’ probation, and the order placing Ortiz on probation also indicates that his probationary term was only 12 months. Our affirmance is without prejudice to any right Ortiz may have to file a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), challenging his original sentence in 99-551 as illegal, either because the sentence of 48 months in prison followed by 72 months’ probation exceeds the statutory maximum for a third-degree felony, see § 775.082(3)(d), Fla. Stat. (1999), or because the written sentence does not comport with the oral pronouncement of sentence, see Williams v. State, 957 So.2d 600, 603 (Fla.2007).
Affirmed.
YILLANTI and KHOUZAM, JJ„ Concur.