# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D23-745
Lower Tribunal No. CF04-004536-XX

_____

JEANNETTE NEALY,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Polk County.
Lori A. Winstead, Judge.

June 7, 2024

MIZE, J.

In this *Anders*[1] appeal, Appellant, Jeannette Nealy ("Appellant"), appeals the trial court's judgment and sentence for violation of probation.[2] We affirm in all respects except one, as set forth below.

---

[1] *Anders v. California*, 386 U.S. 738 (1967).
[2] This case was transferred from the Second District Court of Appeal to this Court on January 1, 2023.

After a jury trial in August of 2007, Appellant was found guilty of: (1) violation of the Florida Racketeer Influenced and Corrupt Organizations Act (Count I); (2) Grand Theft (more than $300) (Count VII); and (3) Grand Theft ($20,000 or more) (Count VIII).[3] Sentencing occurred on October 15, 2007. For count one, the trial court sentenced Appellant to 48.9 months of imprisonment followed by ten years of probation. For count eight, the trial court sentenced Appellant to 48.9 months of imprisonment, to run concurrent with the prison sentence for count one. For count seven, the trial court sentenced Appellant to five years of probation, to run consecutive to the prison sentences for counts one and eight and concurrent with the term of probation for count one. Appellant's probationary period began on April 1, 2011, after she completed the prison portion of her sentences.

On April 29, 2016, law enforcement officers made a warrantless arrest of Appellant for violating her probation. On May 9, 2016, the Department of Corrections filed an affidavit for violation of probation alleging that Appellant committed a new crime, that Appellant had been indicted for theft of property $60,000 or more in Tennessee, and that Appellant failed to make restitution payments and failed to pay her monthly probation costs. On August 9, 2018, the

---

[3] The jury found Appellant not guilty on other charges making up counts two, four, five and nine. The jury found Appellant guilty on count three, but the trial court did not adjudicate Appellant guilty of count three and imposed no sentence. The State dismissed count six during the trial.

Department of Corrections filed a new affidavit for violation of probation alleging that Appellant had been indicted for money laundering in Tennessee. Based on that affidavit, a warrant for Appellant's arrest was issued on September 6, 2018. On April 26, 2022, the Department of Corrections filed an amended affidavit alleging that Appellant had been convicted of theft of property and money laundering in Tennessee.[4]

The trial court held a violation of probation hearing on August 11, 2022. At the hearing, Appellant entered an admission to violation of her probation on count one of her original convictions. While the trial court's oral pronouncement at the hearing is not perfectly clear, it appears that the trial court likewise pronounced a revocation of her probation only as to count one. Specifically, the trial court revoked Appellant's probation and sentenced her to twenty years in prison, with credit for time served. In its subsequent written order of revocation, however, in addition to revoking Appellant's probation on count one and sentencing her to twenty years in prison on that count, the trial court also revoked Appellant's probation on count seven and sentenced her to time served on that count. This was error because Appellant's term of probation on count seven expired before Appellant was arrested

---

[4] The delay between Appellant's arrest and the filings of the affidavits and in conducting the violation of probation hearing appears to be a result of Appellant being in Tennessee due to her criminal charges there. She returned to Polk County in February 2022 and the warrant for her arrest was executed upon her return.

for violation of probation or an affidavit for violation of her probation was filed and a warrant issued thereon.

As noted above, Appellant's probationary period began on April 1, 2011. Therefore, her five-year term of probation for count seven ended on March 31, 2016. Because Appellant's probation on count seven ended prior to her arrest for violation of probation or the filing of an affidavit for violation of her probation and the issuance of a warrant thereon, the trial court was without jurisdiction to revoke Appellant's probation on count seven.[5] *See State v. Hall*, 641 So. 2d 403, 404 (Fla. 1994); *Slingbaum v. State*, 751 So. 2d 89, 89 (Fla. 2d DCA 1999).

As the trial court was without jurisdiction to revoke Appellant's probation on count seven, we reverse that portion of the order and remand to the trial court with instructions to enter an amended order that does not revoke Appellant's probation on count seven. Appellant need not be present for this ministerial act. With respect to all other aspects of the trial court's judgment and sentence, we affirm.

---

[5] While Appellant's term of probation on count one would have ended on March 31, 2021, her term of probation on count one was tolled due to her arrest for violation of probation and the filing of an affidavit alleging a violation of her probation and the issuance of a warrant thereon. *See* § 948.06(1)(g), Fla. Stat. (2019); *Sepulveda v. State*, 909 So. 2d 568, 570-71 (Fla. 5th DCA 2005) ("With respect to the timeliness of allegations in the successive affidavits of violation filed in this case, allegations of an affidavit of violation are timely if the affidavit is filed before the expiration of the probation at issue or if the allegations in an affidavit filed after the expiration of the probationary period have also been alleged in an earlier affidavit timely filed before the expiration of the probationary period.").

4

AFFIRMED in part; REVERSED in part; and REMANDED with instructions.

NARDELLA and GANNAM, JJ., concur.


Howard L. "Rex" Dimmig, II, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellant.

Jeannette Nealy, Ocala, pro se.

Ashley Moody, Attorney General, Tallahassee, and Helene S. Parnes, Senior Assistant Attorney General, Tampa, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED